1
2
3
4
5
6
7

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

8  LEE THOMAS BJORN,                    )   No. C 09-0714 JSW (PR)
                                        )
9              Plaintiff,               )   **ORDER DISMISSING ACTION AND**
                                        )   **GRANTING MOTION TO PROCEED**
10     vs.                              )   ***IN FORMA PAUPERIS***
                                        )
11  WARDEN,                             )   (Docket No. 4)
                                        )
12             Defendant.               )
    _____ )
13
14
15      Petitioner, a prisoner of the State of California, filed a document requesting an

extension of time without filing a petition for a writ of habeas corpus on February 18,

2009.  On that same date, the Clerk of Court notified Petitioner that he must file a

petition for a writ of habeas corpus within thirty days or the action will be dismissed and

the file closed.  Petitioner has not responded to Court's notice.  However, Petitioner did

file an affidavit in support of a motion to proceed *in forma pauperis* on March 6, 2009,

which is now GRANTED (docket no. 4).

      Instead of filing an application for a writ of habeas corpus, Petitioner filed a

motion for an extension of the statute of limitations period in which he detailed that his

petition for a writ of certiorari to the United States Supreme Court had been denied in

2008 and, in effect, requesting an extension of time to file a petition under the applicable

statute of limitations due to Petitioner's diagnosis with cancer just prior to the conclusion

of his direct appeal process.

      However, as of this time, no habeas petition is pending before this Court.

Petitioner did not respond to the Court's notice that he must file a petition within thirty days or suffer a dismissal of this action.  As Petitioner has not evinced an intent to file a petition for a writ of habeas corpus in this Court at this time, but instead seeks an extension of time to file such a petition in the future, the Court now dismisses the petition without prejudice.

The Court cannot prospectively provide Petitioner with the requested extension of time on the habeas statute of limitations, *see* 28 U.S.C. § 2244(d).  Under general principles derived from the "case or controversy" requirement of Article III, Section 2, of the United States Constitution, a federal court may not issue advisory opinions.  *See United States v. Cook*, 795 F.2d 987, 994 (Fed. Cir. 1986) (district court erred in tolling statute of limitations as to future claims by persons not party to the case before the court).  Federal courts do not "'sit to decide hypothetical issues or to give advisory opinions about issues as to which there are not adverse parties before [them].'"  *Id.* (quoting *Princeton University v. Schmid*, 455 U.S. 100, 102 (1982)).

At this time, there is no concrete dispute for this Court to decide: Petitioner's request in essence asks the Court to determine in advance whether his petition for writ of habeas corpus will be time-barred if it is filed at some unspecified date in the future and is subjected to a motion to dismiss under the limitations period set forth in 28 U.S.C. § 2244(d).  This Court has no authority to prospectively enlarge the limitations period and could not grant the requested relief without offending the Constitution's case or controversy requirement.

Although Petitioner obtains no relief today, he is not forever barred from requesting relief.  *See Calderon v. United States Dist. Court (Beeler)*, 128 F.3d 1283, 1288-89 (9th Cir. 1997).  Section 2244(d) is subject to equitable tolling, although such tolling will not be available in most cases because extensions of time should only be granted if extraordinary circumstances beyond a prisoner's control make it impossible to

2

file a petition on time), *overruled in part on other grounds by Calderon v. United States District Court (Kelly)*, 163 F.3d 530 (9th Cir. 1998) (en banc).  If and when Petitioner files a habeas petition, he may make a tolling argument as to why the time should be extended if his petition is not timely filed and Respondent moves to dismiss on that ground.  At that point, the Court will consider whether the statute of limitations should be tolled.  The request for an extension of time made in Petitioner's initial application to the Court is DENIED as premature (docket no. 1).

As there is no case or controversy over which the court may exercise jurisdiction, the action is now DISMISSED.  The clerk shall close the file and enter judgment in this matter.

IT IS SO ORDERED.

DATED: May 14, 2009

_____
JEFFREY S. WHITE
United States District Judge

3

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

LEE THOMAS BJORN,

         Plaintiff,

  v.

WARDEN et al,

         Defendant.

_____/

Case Number: CV09-00714 JSW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on May 14, 2009, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Lee Thomas Bjorn
V50565
P.O. Box 3471
Corcoran, CA 93212

Dated: May 14, 2009

*Jennifer Ottolini*

Richard W. Wieking, Clerk
By: Jennifer Ottolini, Deputy Clerk